## COMMISSIONER OF INTERNAL REVENUE v. ROCKWOOD.
### No. 5545.

Circuit Court of Appeals, Seventh Circuit.
March 2, 1936.

---

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., and H. P. Locke, of Washington, D. C., for petitioner.

Jacob S. White, of Indianapolis, Ind., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

The Commissioner of Internal Revenue assessed against respondent additional income taxes for the year 1930, in the amount of $3,112.60. The Board of Tax Appeals held the assessment improper. This petition for review followed.

The respondent and another owned the capital stock of one corporation, and two other individuals, that of another. On August 17, 1927, these two corporations reorganized and delivered to their successor, General Fibre Products, Inc., all of their assets, in consideration of which the grantee delivered to the two predecessor corporations, its capital stock, partly preferred and partly common, to be divided in accordance with the respective valuations of the assets of each company. The corporation in which respondent was interested had accumulated from earnings a reserve of substantial amount.

In the reorganization, respondent received both preferred and common stock in the new corporation. About a year after the reorganization was completed, the General Fibre Products, Inc., called for retirement 1,000 shares of its preferred stock, at $110 per share. About a year and a half still later, in January, 1930, it called for redemption an additional 500 shares of preferred stock on the same basis, saying that "future operations appear to require for working capital only a portion of the funds now available." The preferred stock held by respondent in 1930, and then redeemed, was 188 shares, and in his tax return for 1930 he treated the redemption as a liquidation of such shares and accounted for the profit realized in such liquidation. The commissioner held that the distribution was taxable under section 115 (g) of the Revenue Act of 1928 (26 U.S.C.A. § 115 and note), and that it should be included in the taxpayer's income as a distribution of earnings. The Board of Tax Appeals, on the contrary, held that the redemption was not equivalent to a taxable dividend but was, as respondent had contended, the normal retirement of preferred stock, that is, the return of capital, plus any gain or less any loss.

The facts were stipulated, and the only question involved is the rather narrow one heretofore outlined. The government's contention is that, beginning with the reorganization and ending with the retirement of preferred stock, there was put into execution, a continuing device to procure a distribution of earnings, and, that therefore, the distribution amounted to a division of income. There is no evidence, however, that there was any relevant connection between the issuance of the stock and the redemption thereof, either in time or in purpose to avoid a tax. We find no evidence of continuing design to evade taxes. The reorganization was in good faith, and two and a half years thereafter, there followed a normal redemption of some of the preferred stock out of earnings, on the ground that such distributed earnings were no longer necessary to the operation of the business. Obviously, the normal retirement of preferred stock is return of capital, and though it may be made out of earnings, and, quite clearly, must come, either out of such earnings or out of actual liquidation, that

fact does not alter the legal character of the distribution, unless there is a series of acts, which bring to a court or administrative officer the conclusion that the taxpayer has intentionally planned such series of independent acts with the purpose, through such continuity, of bringing about evasion of the law. We find no such evidence here. Rather we find the normal redemption of preferred stock.

The redemption of preferred stock increases the value of the common stock and logically, in the end, there must be a profit to the holder of such stock, if the corporation continues to be prosperous. But we are not now dealing with liquidation of common stock which has been made more valuable by the retirement of preferred stock. We are dealing with the question of whether such retirement results in taxable distribution of income. We think the present case clearly within the facts of Commissioner v. Brown, 69 F.(2d) 602, and Commissioner v. Babson, 70 F.(2d) 304, decided by this court, and controlled thereby. We believe that whatever may have been the intent of the company in accumulating and conserving profits for several years, unless there is some evidence to show that the retirement of preferred stock therefrom was previously conceived with intent of evasion, the normal situation exists, and we have merely a return of invested capital. From the stipulated facts, we conclude the transaction was free from any element of intention of tax evasion or fraud. The decision of the Board of Tax Appeals is affirmed.